IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO PALMA                                      :
4108 Cottage Terrace
Brentwood, Maryland 20772                        :

and                                              :

BERTALISA SAGASTUME                              :
4108 Cottage Terrace
Brentwood, Maryland 20772                        :

    Plaintiffs                                :

v.                                               :   Case No. _____

HOWARD UNIVERSITY HOSPITAL,                      :
INC. t/a HOWARD UNIVERSITY
HOSPITAL                                         :
2041 Georgia Avenue, N.W.
Washington, D.C. 20060                           :
Serve: R/A Norma B. Leftwich, J.D.
      Howard University                         :
      Office of the General Counsel
      2400 Sixth Street, N.W.                   :
      Washington, D.C. 20059
                                                 :
    Defendant
                                                 :

## COMPLAINT

COME NOW Plaintiffs Julio Palma and Bertalisa Sagastume by and through their attorneys, Peter L. Scherr and Futrovsky, Nitkin & Scherr, Chartered, and sue Defendant Howard University Hospital, Inc. t/a Howard University Hospital, and, as the basis therefore, allege that:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff Julio Palma ("Plaintiff") is a permanent resident of Prince George's County, Maryland.

2. Plaintiff Bertalisa Sagastume is the spouse of Plaintiff and a permanent resident of Prince George's County, Maryland.

3. Defendant Howard University Hospital, Inc. t/a Howard University Hospital ("HUH") is an entity headquartered in Washington, District of Columbia which, at all times relevant

hereto, provided, *inter alia*, healthcare services to patients in need of the same.

4. All acts and/or omissions relating to Plaintiffs' claims against HUH took place within the District of Columbia.

5. Pursuant to 28 U.S.C. §1391, *et seq.*, the proper venue for this proceeding is Washington, District of Columbia.

6. As the matter in controversy exceeds the sum of $75,000., and Plaintiffs and HUH are from diverse jurisdictions, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## FACTS COMMON TO ALL COUNTS

7. On August 8, 2005, Plaintiff presented the emergency room at and, on that date, was admitted to HUH with a three (3) day history of nausea, fever and vomiting.

8. On August 8, 2005, the HUH emergency room personnel and, upon admission, other HUH personnel noted Plaintiff's twenty (20) year history of diabetes mellitus and hypertension, as well as a six (6) month history of dialysis dependent end-stage renal disease.

9. On August 8, 2005, upon admission to HUH, Plaintiff underwent a physical examination which revealed that he did not suffer from any skin breakdown or wounds of any type on either of his feet or on any of his toes, including his right great toe.

10. On August 10, 2005, while being transported via wheelchair within HUH by an employee and/or agent of HUH, said employee and/or agent of HUH pushed Plaintiff right foot first into a wall thereby causing injury to Plaintiff's right great toe.

11. On August 11, 2005, the 8:00 a.m. HUH chart entry for Plaintiff reflects that Plaintiff suffered from "a small wound in the right toe" which "appears fresh but not infected." Said wound was directly and proximately caused by Plaintiff being pushed into the wall by a HUH employee and/or agent.

12. Thereafter, said wound, in conjunction with Plaintiff's diabetes-related vascular compromise, caused Plaintiff's right great toe became gangrenous.

13. Due to said gangrene, on September 24, 2005, Plaintiff underwent a distal phalanx amputation and an irrigation and debridement of his right great toe.

14. Due to the failure of the September 24, 2005, distal phalanx amputation and irrigation and debridement to prevent the advancement of the aforementioned gangrene, on October 14, 2005, Plaintiff underwent an amputation of the first metatarsal head and an irrigation and debridement of his right great toe.

15. Due to the failure of the October 14, 2005, distal phalanx amputation and irrigation and debridement to prevent the further advancement of the aforementioned gangrene, on November 3, 2005, Plaintiff underwent a complete amputation of the right great toe and a transmetatarsal amputation of the second toe.

16. Ultimately, due to the failure of the November 3, 2005, procedure to prevent further advancement of the gangrene, on November 19, 2005, Plaintiff underwent a below the knee amputation.

## COUNT I

### (PLAINTIFF JULIO PALMA - NEGLIGENCE - HOWARD UNIVERSITY HOSPITAL, INC. t/a HOWARD UNIVERSITY HOSPITAL)

17. Plaintiff hereby incorporates herein and makes a part hereof Paragraphs 1 through 16 *supra*.

18. HUH, though its employee and/or agent, owed a duty to Plaintiff to consider Plaintiff's diabetic condition and other ailments when transporting Plaintiff via wheelchair within the hospital.

19. HUH, though its employee and/or agent, owed a duty to Plaintiff to safely transport Plaintiff via wheelchair within the hospital and avoid causing Plaintiff to strike any surface while being so transported, especially in light of Plaintiff's diabetic condition and other ailments.

20. HUH, through its employee and/or agent, unreasonably breached these duties by pushing Plaintiff's wheelchair in the direction of and close to a wall thereby causing Plaintiff's

right foot to strike said wall.

21. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, Plaintiff sustained an injury to his right great toe which, ultimately, led to Plaintiff necessitating a below the knee amputation.

22. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, Plaintiff suffered from severe and permanent injuries and disfigurement to his right lower extremity.

23. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, and the injuries to Plaintiff resulting therefrom, Plaintiff has incurred and will continue to incur expenses for past, present, and future medical treatment.

24. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, and the injuries to Plaintiff resulting therefrom, Plaintiff has incurred and will continue to incur expenses for a prosthetic device and related durable medical goods.

25. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, Plaintiff was unable to continue with his employment as a construction laborer and, therefore, lost and continues to lose time and wages from his employment.

26. As a direct and proximate result of the HUH employee's and/or agent's unreasonable breach of these duties, and the injuries to Plaintiff resulting therefrom, Plaintiff suffered and continues to suffer from pain, disability, disfigurement, embarrassment, inconvenience, loss of enjoyment of life, the inability to perform activities of daily living and aggravation.

27. At all times relevant hereto, the HUH employee and/or agent, was acting under the direction of and within the scope of his employment with and/or agency for HUH.

WHEREFORE, the foregoing considered, Plaintiff Julio Palma brings suit against and demands damages from Defendant Howard University Hospital, Inc. t/a Howard University Hospital in the amount of Two Million Dollars ($2,000,000.00) plus the costs of bringing this suit.

## COUNT II

## (PLAINTIFFS JULIO PALMA AND BERTALISA SAGASTUME - LOSS OF CONSORTIUM - NEGLIGENCE - HOWARD UNIVERSITY HOSPITAL, INC. t/a HOWARD UNIVERSITY HOSPITAL)

28. Plaintiff and Plaintiff Bertalisa Sagastume hereby incorporate herein and make a part hereof Paragraphs 1 through 27 *supra*.

29. As a further direct and proximate result of the HUH employee's and/or agent's aforementioned unreasonable breach of duty to Plaintiff, and the injuries to Plaintiff resulting therefrom, Plaintiffs Julio Palma and Bertalisa Sagastume, who were then and are now husband and wife, were caused to sustain and suffer loss of consortium to the detriment of their marital relationship.

WHEREFORE, Plaintiffs Julio Palma and Bertalisa Sagastume bring suit against and demand damages from Defendant Howard University Hospital, Inc. t/a Howard University Hospital in the amount of One Million Dollars ($1,000,000.00) plus the costs of bringing this suit.

Respectfully submitted,

PUTROVSKY NITKIN & SCHERR, CHARTERED

_____
Peter L. Scherr (D.C. Bar No. 443725)
77 South Washington Street, First Floor
Rockville, Maryland 20850
(301) 251-8500
PLSCHERR@FNSLAW.COM
Counsel for Plaintiffs

### JURY DEMAND

Plaintiffs hereby demand a trial by a jury as to all issues so triable.

_____
Peter L. Scherr

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Julio Palma and Bertalisa Sagastume

## DEFENDANTS
Howard University Hospital, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter L. Scherr, Esquire
Futrovsky, Nitkin & Scherr, Chartered
77 South Washington Street, First Floor
Rockville, Maryland 20850
(301) 251-8500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

● **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 - Diversity Jurisdiction - Negligence by Defendant Howard University Hospital, Inc.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2,000,000.   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 06//05/2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.