UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| **Julio Palma, et al.** | : |
| | : |
| | : |
| v. | : Case No.: 1:08-cv-00965 |
| | : Judge: Hogan, Thomas F. |
| **Howard University Hospital, t/a** | : Assign. Date: 6/5/2008 |
| **Howard University Hospital** | : Description: PI/Malpractice |

## ANSWER

COME NOW Defendant, **Howard University, t/a Howard University Hospital,**[1] by and through its attorneys, **Steven A. Hamilton, Esquire, Matthew D. Banks, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** and as and for its Answer to the Complaint filed herein by Plaintiffs, state as follows:

As to each and every allegation set forth in Plaintiffs' Complaint, Defendant states as follows:

1-2.    Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 1 and 2, the result of which is to deny the same and demand strict proof thereof.

3.    Defendant admits the allegations contained in paragraph 3, with the correction of the name of Defendant as set forth in footnote 1 below.

4.    Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 4, the result of which is to deny the same and demand strict proof thereof. To the extent that the allegations contained in paragraph 4 imply or infer

---

[1] Plaintiffs incorrectly identify Defendant in the Complaint as "Howard University Hospital, t/a Howard University Hospital." The correct designation for Defendant is "Howard University, t/a Howard University Hospital." The University is chartered through an Act of Congress.

that Defendant via its agents, servants or employees was negligent, such allegation is denied and Defendant demands strict proof thereof.

5. Allegations of venue require no response from Defendant.

6. Defendant is without sufficient knowledge to either admit or deny the allegation contained in paragraph 6 that Plaintiffs and Defendant are from diverse jurisdictions, the result of which is to deny the same and demand strict proof thereof. To the extent that the allegations contained in paragraph 6 imply or infer that Defendant via its agents, servants or employees was negligent, such allegation is denied and Defendant demands strict proof thereof.

7-16. The undersigned is without sufficient informant to either admit or deny the allegation contained in paragraphs 7-16, the result of which is to deny the same and demand strict proof thereof.

## COUNT I

17. Defendant hereby incorporates its responses to paragraphs 1 through 16 as if fully set out herein.

18-27. The allegations contained in paragraphs 18 through 27 are denied in form and in substance and Defendant demands strict proof thereof.

## COUNT II

28. Defendant hereby incorporates its responses to paragraphs 1 through 27 as if fully set out herein.

29. The allegations contained in paragraph 29 are denied in form and in substance and Defendant demands strict proof thereof.

As and for its other defenses, Defendant states as follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred by Plaintiff's own negligence, failure to mitigate damages, and/or assumption of the risk.

## FOURTH DEFENSE

The Court lacks personal and/or subject matter jurisdiction. [2]

---

[2] Jurisdictional issues are being preserved pending discovery.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By: /s/ Steven A. Hamilton
    Steven A. Hamilton
    (D.C. Bar No. 953539)
    Matthew D. Banks
    (D.C. Bar No. 434987)
    4600 East-West Highway
    Suite 201
    Bethesda, Maryland 20814
    301-652-7332
    Attorneys for Defendant