UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO PALMA, *et al* :

    Plaintiffs :

v. : Civil Action No. 08-CV-00965 (TFH)

HOWARD UNIVERSITY t/a :
HOWARD UNIVERSITY HOSPITAL
  :
    Defendant
  :

### FIRST AMENDED JOINT INITIAL REPORT

COME NOW Plaintiffs Julio Palma and Bertalisa Sagastume, by and through counsel Peter L. Scherr and Futrovsky, Nitkin & Scherr, Chartered, and Defendant Howard University t/a Howard University Hospital by and through counsel Steven A. Hamilton, Matthew D. Banks and Hamilton, Altman, Canale & Dillon, LLC, and, per this Honorable Court's July 2, 2008, Order, and FED. R. CIV. P. 26(f) and LCvR 16.3, hereby submit this Joint Initial Report:

**A.**  **Nature of the Case**

The captioned matter arises out of the alleged negligent treatment of Plaintiff Julio Palma ("Plaintiff Palma") while he was a patient at Howard University Hospital. Plaintiffs allege that, on or about August 10, 2005, while Plaintiff Palma was being transported via wheelchair within the hospital by Defendant Howard University's employee, said employee negligently wheeled Plaintiff Palma right foot (great toe) first into a wall. As a result of this incident, Plaintiff Palma sustained a wound to his right great toe. Due to Plaintiff Palma's vascular compromise due to long term diabetes, said wound ultimately became gangrenous during his hospitalization. As a result of said gangrene, Plaintiff Palma underwent multiple progressively greater amputations to prevent the advancement of the gangrene. On November 19, 2005, Plaintiff finally underwent a below the knee amputation.

Defendant denies all allegations of negligence, causation and damages.

**B.**  **Statutory Basis for Cause of Action / Defenses**

This is a diversity action brought pursuant to 28 U.S.C. §1332.

**C.**  **LCvR 16.3 Conference Issues:**

**1.**  **Whether the Case Is Likely to be Disposed of by Dispositive Motion:**

Plaintiff does not feel that the case will likely be disposed of by dispositive motion.

   Defendant cannot determine, based upon the information available at this time, whether the case is likely to be disposed by dispositive motion.

2. **Date by Which Other Parties Should be Added and Pleadings Amended / Whether Factual or Legal Issues Can be Agreed Upon or Narrowed:**

   A. Proposed Date by Which Other Parties Should be Added and Pleadings Amended: October 2, 2008

   B. Whether Factual or Legal Issues Can be Agreed Upon or Narrowed:
   Pending confirmation through review of Plaintiff Julio Palma's medical records, the parties will likely agree that, at the time when Plaintiff Julio Palma alleges that he sustained his injury, he was a patient at Howard University Hospital. At this time, pending discovery, all other legal and factual issues remain in dispute.

3. **Whether the Case Should be Assigned to a Magistrate for All Purposes, Including Trial:**

   Plaintiffs agree to the case being assigned to a Magistrate Judge for all purposes, including trial.

   At this time, Defendant does not agree to the case being assigned to a Magistrate Judge for all purposes, including trial.

4. **Whether There is a Realistic Possibility of Settling Case:**

   The parties agree that, at this time, the issue of settlement is too early to assess. The parties will reassess after some or all discovery is complete.

5. **Whether the Case Could Benefit from Alternative Dispute Resolution:**

   See 4, *supra*.

6. **Whether the Case Can be Resolved by Summary Judgment or Motion to Dismiss:**

   Plaintiff does not feel that the case will likely be disposed of by dispositive motion.

   Defendant cannot determine, based upon the information available at this time, whether the case is likely to be disposed by dispositive motion.

7. **Whether the Parties Should Stipulate to Dispense with Initial Disclosures per FED. R. CIV. P. 26(a)(1):**

   The parties agree to make Initial Disclosures per FED. R. CIV. P. 26(a)(1). Per FED. R. CIV. P. 26(a)(1)(C) and LCvR 26.2(a), the parties request that this Honorable Court order that such disclosures be made on or before September 19, 2008.

8. **The Anticipated Extent of Discovery, How Long Discovery Should Take, Limits to be Placed on Discovery, Appropriateness of Protective Order, Date for Completion of Discovery:**

   The parties intend to propound Interrogatories and Requests for Production of Documents and Things, conduct depositions of each and every fact and expert witness identified, and propound Requests for Admissions of Fact and Genuineness or Documents as appropriate.

   Due to the difficult to read and voluminous chart generated in relation to Plaintiff Julio Palma's hospitalization during which he alleges he sustained the injury underlying the captioned matter, Plaintiffs cannot state with any degree of certainty the number of depositions which will be required. Depending on the number of experts identified by Defendant, Plaintiff estimates that no more than ten (10) depositions shall be necessary, however. See FED. R. CIV. P. 30(a)(2).

   Defendant intends to depose each and every fact and expert witness identified by Plaintiffs during discovery, including Plaintiff Julio Palma's subsequent treating physicians. At this time, Defendant estimates that no more than ten (10) depositions shall be necessary. See FED. R. CIV. P. 30(a)(2).

   Proposed Discovery Completion Date:   July 10, 2009

9. **Expert Witness Disclosures and Discovery**

   The parties agree to dispense with FED. R. CIV. P, 26(a)(2) for experts specifically retained to provide expert testimony in the captioned matter. The parties agree to disclose the identity, including name, address and area of expertise, of their respective experts in accordance with the following schedule:

   Proposed Date for Plaintiffs' Expert Identification:         December 4, 2008

   Proposed Date for Defendant's Expert Identification:         February 6, 2009

   Proposed Date for Plaintiffs' Rebuttal Expert Identification:   April 6, 2009

   The parties agree that all experts may be deposed after they are identified.

10. **Pretrial Conference Date**

    Proposed Pretrial Conference Date:   February 12, 2010

11. **Whether the Court Should Set a Firm Trial Date At the Initial Scheduling Conference**

    The parties agree that the Court should set a firm trial date at the Initial Scheduling Conference.

3

Respectfully submitted,

FUTROVSKY NITKIN & SCHERR, CHARTERED

*[signature]*

Peter L. Scherr (D.C. Bar No. 443725)
77 South Washington Street, First Floor
Rockville, Maryland 20850
(301) 251-8500
PLSCHERR@FNSLAW.COM
Counsel for Plaintiffs

HAMILTON, ALTMAN, CANALE & DILLON, LLC

*[signature]*

Steven A. Hamilton (D.C. Bar No. 953359)
STEVEN.HAMILTON@HACDLAW.COM
Matthew D. Banks (D.C. Bar No. 434987)
4600 East-West Highway, Suite 201
Bethesda, Maryland 20814
(301) 652-7332
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO PALMA, et al.       :

    Plaintiffs       :

v.       :       Civil Action No. 08-CV-00965 (TFH)

HOWARD UNIVERSITY t/a       :
HOWARD UNIVERSITY HOSPITAL
           :
    Defendant
_____:

## PROPOSED SCHEDULING ORDER

This Scheduling Order is being entered pursuant to LCvR 16.4. Any inquiries concerning the schedule shall be directed to the presiding judge's chambers and the Clerk's office. The schedule will not be changed except for good cause.

| | |
|---|---|
| Initial Scheduling Conference | September 4, 2008, at 11:30 a.m. |
| Rule 26(a)(1) Disclosures | September 19, 2008 |
| Add Parties / Amend Pleadings | October 2, 2008 |
| Plaintiffs' Expert Identification | December 4, 2009 |
| Defendant's Expert Identification | February 6, 2009 |
| Plaintiffs' Rebuttal Expert Identification | April 6, 2009 |
| Discovery Completed | July 10, 2009 |
| Pretrial Conference | February 12, 2010, at _____ m. |
| Trial | _____-_____, 20____ |

IT IS SO ORDERED.

September 4, 2008

                                                      THE HONORABLE THOMAS F. HOGAN
                                                    UNITED STATES DISTRICT JUDGE